[No. B144665. Second Dist., Div. Three. June 15, 2001.]

In re THOMAS RAMIREZ on Habeas Corpus.

**COUNSEL**

Michael P. Judge, Public Defender, Christine M. Soto and John Hamilton Scott, Deputy Public Defenders, for Petitioner Thomas Ramirez.

Steve Cooley, District Attorney, Patrick D. Moran and Abram Weisbrot, Deputy District Attorneys, for Respondent the People.

**OPINION**

**KLEIN, P. J.**—Thomas Ramirez (Ramirez) petitions for a writ of habeas corpus relieving him of any further probationary supervision in *People v. Ramirez*, case No. 95M05326, involving a misdemeanor.

The essential issue presented is whether, in the wake of court unification, a habeas corpus petition arising out of a misdemeanor case may be filed directly in the Court of Appeal. Ramirez contends his petition is properly before this court because there is now but one trial court, the superior court, and it is impermissible for one superior court judge to overrule the decision of another superior court judge.

Article VI, section 10 of the California Constitution specifically vests the superior courts, as well as appellate courts, with original jurisdiction in habeas corpus proceedings. Accordingly, we deny the petition without prejudice to its being refiled in the superior court.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Proceedings below.*

On August 28, 1995, Ramirez pled no contest to misdemeanor assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and was granted summary probation for three years on various conditions.

On December 14, 1995, restitution was established in the amount of $12,286 and Ramirez was ordered to pay $100 per month as a condition of probation. On February 16, 1996, the trial court extended the probationary period to five years.

On September 30, 1997, the trial court revoked probation, but later reinstated it with the added requirement that Ramirez serve 45 days in county jail. On April 6, 1998, the trial court modified the grant of probation and ordered Ramirez to pay restitution at the rate of $50 per month. On May 8, 1998, the trial court again revoked probation and reiterated the requirement to pay $50 per month in restitution.

On August 5, 1999, the trial court found Ramirez had been making the restitution payments and continued the matter to December 6, 1999, for a progress report. Ramirez appeared with counsel on that date, at which time the trial court ordered that probation remain revoked until full restitution had been made.

On August 7, 2000, the case was called for a progress report. Defense counsel argued the trial court lacked jurisdiction to continue to revoke Ramirez's probation. On August 24, 2000, the trial court denied Ramirez's motion to release him from the probationary order.

### 2. *The habeas corpus petition.*

On September 29, 2000, Ramirez filed the instant petition in this court for writ of habeas corpus, alleging the superior court is attempting to enforce probationary conditions in a case in which probation has expired by operation of law in that he has been under the probationary control of the court for longer than the maximum term.

Ramirez further alleges this is the proper court in which to file the instant petition. He reasons that prior to court unification, such a misdemeanor matter would have been tried in a municipal court, and the appropriate court in which to seek habeas corpus relief would have been the court of next highest jurisdiction, namely, the superior court. However, subsequent to court unification, there is but a single trial court, the superior court, and consequently this court is the court of next highest jurisdiction.

The People "concede that the substantive claim for relief requested by Petitioner" should be granted because he "has been subject to the probationary control of the court for longer than the maximum permissible period."

However, the People argue the petition is not properly before this court and Department 70 of the Los Angeles Superior Court is the proper court to hear, in the first instance, habeas corpus petitions arising from misdemeanor prosecutions. The People argue court unification has not altered the long-standing jurisdictional locus for these misdemeanor matters, particularly where factual issues are involved.

In order to resolve the jurisdictional question, we directed the issuance of an order to show cause.

## CONTENTIONS

■ Ramirez contends the Court of Appeal is the appropriate court to provide him with habeas corpus relief, and this court should issue a writ terminating probation because he has been under probationary control for longer than the maximum permissible period.

## DISCUSSION

1. *Overview; superior courts as well as appellate courts have original jurisdiction in habeas corpus proceedings.*

In the "Primary Election of June 2, 1998, the voters enacted Proposition 220, permitting voluntary unification of the municipal and the superior courts, and authorizing amendment of the state Constitution to reflect the related modification of trial and appellate court jurisdiction. (Cal. Const., art. VI, §§ 10, 11.) Thereafter, Senate Bill No. 2139 (1997-1998 Reg. Sess.) (hereafter Senate Bill 2139) was introduced. The Legislative Counsel's Digest describes it as follows: 'The California Constitution provides for the establishment of superior and municipal courts, as specified, in each county. [Senate Constitutional Amendment No.] 4 of the 1995-96 Regular Session,

as approved by the voters on June 2, 1998, provides for the abolition of municipal courts within a county, and for the establishment of a unified superior court for that county, upon a majority vote of superior court judges and a majority vote of municipal court judges within the county.' " (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2 [98 Cal.Rptr.2d 1, 3 P.3d 286].).)[1]

Article VI, section 10 of the California Constitution, part of the unification amendment, provides: "The Supreme court, *courts of appeal, superior courts and their judges have original jurisdiction in habeas corpus proceedings.* Those courts also have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition. The appellate division of the superior court has original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition directed to the superior court in causes subject to its appellate jurisdiction. [¶] Superior courts have original jurisdiction in all other causes except those given by statute to other trial courts." (Italics added.) Thus, pursuant to article VI, section 10 of the California Constitution, both the Courts of Appeal and superior courts have original jurisdiction in habeas corpus proceedings.[2]

Consequently, "this court has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance." (*In re Hillery* (1962) 202 Cal.App.2d 293, 294 [20 Cal.Rptr. 759]; see Cal. Rules of Court, rule 56(a)(1).)

2. *Distinction between appellate jurisdiction and habeas corpus jurisdiction is controlling; therefore there is no merit to Ramirez's contention that bringing his habeas corpus petition in the superior court would violate the rule that one superior court judge cannot review the order of another superior court judge.*

Although the superior court is vested with original jurisdiction in habeas corpus proceedings, Ramirez argues his habeas corpus petition arising out of a misdemeanor is properly before this court because, in the wake of court unification there is but a single trial court, the superior court, and one superior court judge cannot review the order of another superior court judge.

Ramirez's contention rests on the principle that " ' " " '[a] superior court is but one tribunal, even if it be composed of numerous departments . . . . An

---

[1] On January 25, 2000, the Judicial Council certified the trial court unification vote in Los Angeles County, making Los Angeles the 55th California county to create a unified county-wide superior court.

[2] The superior courts also had original jurisdiction in habeas corpus proceedings prior to the unification amendment. (Cal. Const., former art. VI, § 10.)

order made in one department during the progress of a cause can neither be ignored nor overlooked in another department . . . .' " . . . [W]here a proceeding has been . . . assigned for hearing and determination to one department of the superior court by the presiding judge . . . and the proceeding . . . has not been finally disposed of . . . it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned . . . If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]" (*Williams* v. *Superior Court* [1939] 14 Cal.2d 656, 662 [96 P.2d 334])' (*In re Kowalski* (1971) 21 Cal.App.3d 67, 70 [98 Cal.Rptr. 444]; *People* v. *Batchelor* (1976) 56 Cal.App.3d 278, 284 [128 Cal.Rptr. 349].)" (*Ford v. Superior Court* (1986) 188 Cal.App.3d 737, 741-742 [233 Cal.Rptr. 607].)

In *Ford*, plaintiffs filed an action in the superior court seeking an order restraining the superior court and the clerk of the court from carrying out and executing the judgment which had been entered by the superior court in another case. (*Ford v. Superior Court, supra*, 188 Cal.App.3d at p. 741.) This court held no cause of action was stated. (*Ibid.*) "Plaintiffs' remedy was by way of intervention in the main case, and, in the event of an adverse decision there, an appeal to this court. (Cal. Const., art. VI, § 11.)" (*Id.* at p. 742.)

*Ford* elaborated: "One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court. Even between superior courts of different counties, having coequal jurisdiction over a matter, the first court of equal dignity to assume and exercise jurisdiction over a matter acquires exclusive jurisdiction. [Citations.] [¶] A judgment rendered in one department of the superior court is binding on that matter upon all other departments until such time as the judgment is overturned. [Citation.]" (*Ford v. Superior Court, supra*, 188 Cal.App.3d at p. 742.) This is because "[a]ppellate jurisdiction to review, revise, or reverse decisions of the superior courts is vested by our Constitution only in the Supreme Court and the courts of appeal. (Cal. Const., art. VI, § 11.)" (*Ibid.*, italics added.)

*In re Kowalski, supra*, 21 Cal.App.3d 67 is in accord. There, one trial court judge improperly purported to exercise appellate jurisdiction over another. After a mistrial was declared, the trial court (Judge Fisher) granted a motion under Penal Code section 995 and dismissed the matter. (21 Cal.App.3d at p. 69.) The People did not appeal the dismissal order. (*Id.* at p. 71.) Following the dismissal, the parties somehow were before the trial court, before a

different judge, Judge Low, who stated Judge Fisher had acted in excess of jurisdiction in granting the dismissal motion. Judge Low vacated the dismissal and ordered a new trial date. (*Id.* at pp. 69-70.)

The defendant then filed a habeas corpus petition in the Court of Appeal, contending the dismissal order ended further proceedings in the trial court, and therefore Judge Low's order purporting to vacate the dismissal and to set a new trial date was void. (*In re Kowalski, supra,* 21 Cal.App.3d at p. 70.) *In re Kowalski* granted the petition, ruling Judge Fisher's dismissal order was binding and should have been followed by the superior court until such time as that order was overturned. (*Id.* at p. 71.) The People could have appealed the dismissal order, but instead, they "bypassed orderly procedures for review" (*ibid.*) by having Judge Low vacate the dismissal. In sum, the defect in *In re Kowalski* was that one trial court judge purported to exercise appellate jurisdiction over another.

Ramirez's argument that one superior court judge cannot overrule the decision of another superior court judge overlooks the distinction between appellate jurisdiction and habeas corpus jurisdiction. Although *appellate* jurisdiction to review decisions of the superior court is vested only in the Supreme Court and Courts of Appeal (Cal. Const., art. VI, § 11; *Ford v. Superior Court, supra,* 188 Cal.App.3d at p. 742), except for cases within the appellate jurisdiction of the appellate division of the superior court (Cal. Const., art. VI, § 11, subd. (b)), the superior courts as well as the Courts of Appeal and Supreme Court have original jurisdiction in *habeas corpus* proceedings. (Cal. Const., art. VI, § 10.)

We observe that Ramirez's interpretation would nullify the Constitution's grant of original jurisdiction to superior courts and their judges in habeas corpus proceedings. (Cal. Const., art. VI, § 10.) If, as Ramirez argues, one superior court judge is always precluded from reviewing the ruling of another superior court judge, in neither a misdemeanor nor a felony case may the superior court exercise its habeas corpus jurisdiction. We conclude that because the California Constitution specifically vests the superior courts with original jurisdiction in habeas corpus proceedings, Ramirez's concern that the superior court lacks jurisdiction to entertain his habeas corpus petition is unfounded.

3. *Department 70 of the Los Angeles Superior Court has jurisdiction to entertain Ramirez's habeas corpus petition.*

Having determined the superior court has original jurisdiction in habeas corpus proceedings, the remaining issue is the Los Angeles Superior Court's

assignment of such petitions within the court. As indicated, article VI, section 10 of the California Constitution provides in relevant part: "The appellate division of the superior court has original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition directed to the superior court in causes subject to its appellate jurisdiction. [¶] Superior courts have original jurisdiction in all other causes except those given by statute to other trial courts."

Ramirez contends the omission of a reference to habeas corpus petitions in the list of proceedings which may be heard in the appellate division of the superior court bars the appellate division's consideration of habeas corpus petitions arising in misdemeanor cases. He further asserts that hearing a habeas corpus petition in Department 70 of the Los Angeles Superior Court, by one of the judges also assigned to the appellate division, is nothing more than one superior court judge reviewing a decision made by another superior court judge. The latter argument is unavailing.

As discussed, article VI, section 10 of the California Constitution, expressly confers upon the superior courts, and their judges, original jurisdiction in habeas corpus proceedings. At the same time, the appellate division of the superior court is *not* vested with original jurisdiction in habeas corpus proceedings. Rather, original jurisdiction in habeas corpus matters is given to "superior courts, and their judges." (Cal. Const., art. VI, § 10.)

The Los Angeles Superior Court has adhered to this distinction in its assignment of misdemeanor habeas corpus petitions. The superior courts are authorized to adopt local rules "to expedite and facilitate the business of the court." (Code Civ. Proc., § 575.1, subd. (a); see Cal. Rules of Court, rule 981.) The Los Angeles Superior Court had adopted such local rules pertaining to the distribution of court business. (Super. Ct. L.A. County, Local Rules, ch. 2.) Rule 2.5(a) thereof provides: "(1) Appellate Department. All appeals from judgments entered by any Municipal Court in Los Angeles County (except appeals from small claims judgments) must be heard in the Appellate Department of the Superior Court in the Central District, Room 607. . . . [¶] (2) Department 70. Each judge assigned to the Appellate Department is also assigned to Department 70 of the Central District, Room 607. *The following matters are assigned to the judges in Department 70 and are heard by one judge on a rotating basis: [¶] (a) Writs of Habeas Corpus for detention arising out of a misdemeanor.*" (Italics added.)[3]

The appellate division of the superior court consists of three-judge appellate panels. (Code Civ. Proc., § 77, subd. (b).) In functioning as an appellate

---

[3]Superior Court Los Angeles County, Local Rules, rule 2.5 has not yet been revised in the wake of court unification. However, we construe its references to the appellate department to refer to the appellate division of the superior court. (Cal. Const., art. VI, §§ 10, 11.)

court, the appellate division sits as a three-judge court to hear and decide cases. In contrast, pursuant to the local rules, department 70 is a separate one-judge department of the Los Angeles Superior Court staffed on a rotating basis by one of the appellate division judges and charged with handling misdemeanor habeas corpus petitions and certain other writ matters. (Super. Ct. L.A. County, Local Rules, rule 2.5(a).)[4] Thus, the Los Angeles Superior Court has not assigned habeas corpus petitions to its appellate division. The Los Angeles Superior Court's assignment of habeas corpus petitions arising out of misdemeanors to department 70 of the court comports with article VI, section 10 of the California Constitution, which vests superior courts and their judges with original jurisdiction in habeas corpus proceedings. Hence, department 70 is the appropriate forum for Ramirez's petition.

Accordingly, we exercise our discretion to deny Ramirez's petition on the ground it was not presented in the superior court in the first instance. (*In re Hillery, supra,* 202 Cal.App.2d at p. 294; Cal. Rules of Court, rule 56(a)(1).)[5]

## DISPOSITION

The order to show cause is discharged. The petition is denied without prejudice to Ramirez's seeking relief in Department 70 of the Los Angeles Superior Court.

Croskey, J., and Aldrich, J., concurred.

A petition for a rehearing was denied July 2, 2001, and the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied September 26, 2001.

---

[4]Department 70's separate status, standing apart from the appellate division, is also reflected in the weekly assignment sheet issued by the Los Angeles Superior Court, which sets forth the court's various departments and judicial assignments. (Evid. Code, §§ 452, subd. (c), 459.)

[5]We note that California Constitution, article VI, section 4, states in relevant part: "The Chief Justice shall assign judges to the appellate division for specified terms pursuant to rules, not inconsistent with statute, adopted by the Judicial Council *to promote the independence of the appellate division.*" (Italics added; accord, Code Civ. Proc., § 77, subd. (a); Cal. Rules of Court, rule 100.5(a).) The staffing of Department 70 of the Los Angeles Superior Court on a rotating basis with judges also assigned to the appellate division does not negate the independence of the appellate division, and Ramirez has not contended otherwise.