Filed 2/24/14  P. v. Clody CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048884 |
| v. | (Super. Ct. No. 13CF0408) |
| JEFFREY JOSEPH CLODY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Jeffrey Joseph Clody pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted various prior conviction sentence enhancement allegations, all in a plea to the court while represented by appointed counsel. The trial court then exercised its discretion and struck a prior "serious felony" conviction (Pen. Code, §§ 667, subd. (a)(1) and 1192.7, subd. (c)(1)) for sentencing purposes only.

As agreed in the guilty plea form, the trial court sentenced Clody to a total prison term of five years, but then suspended execution of that sentence and granted Clody probation on certain terms and conditions, including 348 days in the county jail with credit for time served, and a requirement that he complete the Delancey Street residential drug treatment program.

About a week later while acting in propria persona, Clody filed a notice of appeal and a motion to withdraw his guilty plea on ineffective assistance of counsel grounds. Clody next requested and obtained a certificate of probable cause (Pen. Code, § 1237.5) from the trial court. However, the trial court declined to hear Clody's motion to withdraw his guilty plea on the grounds that the notice of appeal had deprived the trial court of jurisdiction over the matter.[1]

---

[1] The selected minutes included in the clerk's transcript do not reflect this ruling. However, on our own motion we take judicial notice (Evid. Code, §§ 452, subd. (d), 459) of the September 18, 2013 minutes which state: "Having received a motion or request from Defendant to withdraw his plea under Penal Code section 1018, the court finds and orders as follows: Defendant has appealed the judgment, and the appeal is still pending (G048884). As a general rule, the filing of an appeal removes jurisdiction from the trial court and vests it in the appellate court. [Citation.] There are exceptions to this rule, such as a lack of subject matter jurisdiction, for correction of clerical errors, correction of an unauthorized sentence, or for recall and resentencing. [Citation.] Defendant does not deomonstarte [*sic*] that any of the exectopns [*sic*] apply in this case. Rather, he argues he received ineffective assistance of counsel (IAC). Insofar as Defendant believes he received IAC, his remedy is a petition for writ of habeas corpus. [Citation]."

After Clody appealed we appointed counsel to represent him. Counsel filed a brief which set forth a statement of the case and the facts. He did not argue against Clody, but advised he had not found any issues to argue on Clody's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) To assist us in our independent review of the record, he suggested we consider whether Clody was denied effective assistance of counsel, and directed our attention to the motion to withdraw plea previously filed by Clody. Clody also filed a supplemental brief which raises ineffective assistance of counsel.

We have examined the entire record to determine if any arguable issues are present and we have found none. (*People v. Wende, supra,* 25 Cal.3d at pp. 441-442; *People v. Johnson* (1981) 123 Cal.App.3d 106, 111-112.)

**FACTS**

Paragraph 29 of the guilty plea form signed by Clody under penalty of perjury states the following: "In Orange County, California on 2/6/13, I did knowingly & unlawfully possess a usable quantity of methamphetamine, a controlled substance."

**DISCUSSION**

Clody contends his trial counsel was ineffective on many occasions before and at the time of his guilty plea, and most of these contentions concern matters which are outside the record. While ineffective assistance of counsel issues may be reviewed on appeal with a certificate of probable cause (*In re Brown* (1973) 9 Cal.3d 679, 682-683, overruled on another ground in *People v. Mendez* (1999) 19 Cal.4th 1084), in cases such as this where matters outside the record must be considered in evaluating those claims, a habeas corpus petition should be filed with an appeal. (*In re Clark* (1993) 5 Cal.4th 750, 785, fn. 22.) Clody did not file a habeas corpus petition with this appeal.

Furthermore, although we undoubtedly have discretion to construe Clody's supplemental brief itself as a petition for habeas corpus, we decline to do so because (a) again many of Clody's ineffective assistance counsel claims concern matters outside the record, (b) further evidentiary proceedings will likely be required, (c) Clody has not first

3

applied for habeas relief in the superior court, and (d) Clody has not explained why he has not done so.  (*In re Ramirez* (2001) 89 Cal.App.4th 1312; *In re Hillery* (1962) 202 Cal.App.2d 293.)  In this respect our decision is without prejudice to any subsequent petition for habeas corpus which may be filed in the superior court.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.

4