Filed 9/27/16  P. v. Tye CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MATTHEW TYE,<br><br>    Defendant and Appellant. | G051003<br><br>(Super. Ct. No. 10HF2304)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded with directions.

Matthew Tye, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Enlger, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Matthew Tye appeals from an order reinstating his probation following a contested probation violation hearing. Defendant contends the order is void because the probation violation hearing was conducted by a commissioner instead of a judge, and the Attorney General concedes the point. We agree. For that reason, we will reverse the order and remand the matter for a new probation violation hearing.

Defendant also raises a plethora of other contentions regarding the conduct of the probation violation hearing and the probation conditions at issue. These contentions are (a) moot as a result of the disposition above, (b) not subject to review in this appeal because they are outside the scope of the appealed order, (c) meritless, or (d) waived. Consequently, we will decline to address some of them and reject the others.

## FACTS AND PROCEDRUAL HISTORY

In 2013 defendant pleaded guilty to five counts of oral copulation with a minor and three counts of sexual intercourse with a minor, all pursuant to a disposition negotiated with the prosecutor. As provided in the guilty plea form signed by defendant, the court suspended imposition of sentence and placed defendant on probation for five years. The terms and conditions of probation were set out on pages six and seven of the guilty plea form and separately initialed by defendant.

The court imposed, "all the terms and conditions of probation that are reflected on page 6 of 7 and 7 of 7 on items numbers 1 through 31 which are initialed 'MT.'" When the court asked defendant, "Did you understand every single term that you had to sign[,]" defendant replied, "Yes, your honor."

Another provision of the guilty plea form separately initialed by defendant stated in part: "I understand I have the right to reject probation and have the court impose a final sentence. However, I agree to accept probation on the terms and conditions set forth on the attached pages 6 and 7. I further understand that if I am found in violation of any of the terms or conditions of probation, the court may sentence me to . . . state prison . . . for a maximum period of 7 years and 8 months."

2

Item No. 15 on page six of the guilty plea form (Presence Condition) stated: "Do not be in the presence of children under the age of 18, unless accompanied by a responsible adult 21 years of age or older and approved in advance by your probation or mandatory supervision officer."

However, the clerk's minute order erroneously stated a different condition (Congregate Condition) as follows: "Do not associate with minors or frequent places where minors congregate, including but not limited to: schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools and arcades, unless in the company of a responsible adult over the age of 21 who is approved by the probation officer or court, knows of your offense(s), and is willing to monitor your behavior."[1]

Defendant did not appeal from the judgment.

On August 26, 2014, the probation department filed a "Petition for Arraignment on Probation Violation" (Petition). The Petition alleged defendant had violated the Congregate Condition by going to Comic Con, the beach, and the Orange County Fair, all places where children were present.

According to the Petition, defendant's cell phone contained photographs which evidenced the alleged violations, together with nude photographs of K.T. (one of the two victims in this case) which had been posted to a tumblr account. K.T. had complained about these postings and defendant's continued attempts to contact her.

At the arraignment on August 27, the court summarily revoked defendant's probation based upon the Petition, set the mater for a formal probation revocation hearing on October 20, denied defendant's request for bail and, on the request of the prosecutor but over defendant's objection, issued a protective order prohibiting defendant from harassing or contacting K.T.

---

[1] The parties agree we should direct the clerk to correct this error. We will instruct the clerk to do so nunc pro tunc on remand.

A formal probation revocation hearing was held over several days commencing on October 20. At the outset, defendant objected to a commissioner conducting the hearing instead of a judge. The court overruled the objection, conducted the hearing, and found defendant had violated his probation.

At the sentencing on October 23, the court indicated it was inclined to reinstate defendant's probation, with 126 days credit for time served, if he would accept four additional probation conditions. Defendant accepted the court's offer and the court reinstated his probation as indicated.

On November 13, defendant filed a timely notice of appeal which references only the October 23 sentencing order.

## DISCUSSION

*1. The Commissioner Had No Jurisdiction To Conduct The Violation Hearing.*

Defendant contends, and the Attorney General concedes, the commissioner had no jurisdiction to conduct the probation violation hearing over defendant's objection. We agree.

The Legislature has specified the powers of a commissioner and the circumstances in which he or she may act as a temporary judge. However, none of these powers permit a commissioner to act as a temporary judge without the stipulation of the parties. The stipulation of the parties is a constitutional and jurisdictional requirement. (*In re Brittany K.* (2002) 96 Cal.App.4th 805, 813.) In the absence of an express or implied stipulation to a commissioner, the order or judgment issued by that commissioner is void. (*People v. Tijerina* (1969) 1 Cal.3d 41, 49 [reversing order revoking probation].)

Therefore, the court's finding that defendant violated his probation, and the court's sentencing order reinstating his probation with four additional probation conditions, are reversed. The matter is remanded to the trial court with instructions that a judge shall conduct a new probation revocation hearing on the violations alleged in the Petition, as the same may be amended to reflect the Presence Condition.

4

*2. The Reversal and Disposition Above Moots Many of Defendant's Contentions.*

The reversal and disposition set out above moots the following contentions by defendant:

• The probation violation finding cannot be affirmed on the basis of the Presence Condition.

• The Congregate Condition is unreasonable.

• The Congregate Condition is unconstitutionally vague and overbroad, and must be stricken.

• The Petition provided inadequate notice of any violations other than going to Comic Con.

• The court erroneously admitted, considered and relied upon evidence defendant went to the beach and the Orange County Fair.

• The court erroneously relied upon the probation department's form, "Definitions of No Contact with Minors."

• The evidence introduced at the formal revocation hearing showed defendant did not violate probation.

• The court erroneously relied upon statements by the prosecutor about defendant's alleged crimes against E.L. (the other victim in this case) which had been dismissed as part of the negotiated disposition.

• The four additional probation conditions imposed by the court are unconstitutional.

• Evidence not introduced at the formal revocation hearing due to ineffective assistance of counsel showed defendant did not violate.

Defendant invites us to exercise our discretion to consider some of these contentions, even though they are moot. We decline to do so. None of them present issues "'capable of repetition *yet likely to evade review*.' [Citation.]" (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 654 (*Williams*), italics added.)

5

*3. The Presence Condition Is Not Subject To Review In This Appeal.*

Defendant claims the Presence Condition is unconstitutionally vague and overbroad. The Attorney General urges us to reject this claim on the grounds that, "the probation condition he challenges here had nothing to do with the probation revocation order from which [defendant] filed his notice of appeal and which triggered this appeal."[2] We agree with the Attorney General.

"It is elementary that an appeal from a portion of a judgment brings up for review only that portion designated in the notice of appeal." (*Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 92; see generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 561, p. 640.) And while it is true notices of appeal are to be liberally construed with a view to hearing appeals on their merits (6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Appeal, § 92, p. 266), the notice of appeal here cannot be construed to present a challenge to the constitutionality of the Presence Condition.

The notice of appeal states, "Defendant appeals from . . . [¶] . . . the order or judgment: 10/23/2014." Liberally construed, the referenced October 23 order or judgment encompasses all of the revocation proceedings, beginning with the Petition on August 26, 2014, and ending with the sentencing on October 23. But the Presence Condition was not alleged as a violation in the Petition, and its constitutionality was not litigated during the probation revocation proceedings. In fact, the court never considered or ruled on the constitutionality of the Presence Condition. As a consequence, the constitutionality of the Presence Condition is not subject to review in this appeal.

---

[2] The Attorney General also: urges us to dismiss this claim on the grounds that defendant did not timely appeal from the 2013 judgment which imposed the Presence Condition, and defendant was required to obtain a certificate of probable cause (Pen. Code, §1275) but failed to do so; and contends this appeal has triggered the People's right to rescind the negotiated guilty plea agreement because defendant expressly waived his right to appeal. We express no opinion on these issues.

6

*4. Defendant's Other Contentions Have No Merit or Have Been Waived.*

  *A. Due Process Contentions*

  Defendant contends his due process rights were violated because he was not given (a) a proper and timely probable cause hearing, (b) timely discovery, or (c) a timely formal revocation hearing. These contentions have no merit.

  First, defendant asserts he was not given a probable cause hearing which complied with *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*). Not so. *Morrissey* held parolees who have been detained for a parole violation are entitled to an informal probable cause hearing and a formal revocation hearing. (*Id.* at pp. 485, 487.) These protections have been extended and apply to probationers detained for probation violations as well. (*People v. Vickers* (1972) 8 Cal.3d 451, 459 (*Vickers*).)

  These protections were afforded to defendant. At the arraignment on August 27 the court made a determination based on the Petition that there was probable cause to believe defendant had violated, and summarily revoked his probation. He had a chance to speak on his own behalf and to question the petitioner but he did not do so. The formal revocation hearing began on October 20. Nothing more was required under *Morrissey* and *Vickers*. (See *People v. Coleman* (1975) 13 Cal.3d 867, 894.)

  To the extent defendant contends *Williams* required a formal probable cause hearing prior to the summary revocation, he is simply mistaken. In that case we held a parolee detained for a parole violation must be afforded a *Morrissey*-compliant probable cause hearing within 15 days after arrest. (*Williams*, *supra*, 230 Cal.App.4th at pp. 654-660.) In this case, defendant was afforded a *Morrissey*-compliant probable cause hearing within 15 days after his arrest. Again, nothing more was required.

  Second, defendant argues *Williams* implied he had a right to receive "the evidence against [him] (discovery)" before the probable cause hearing, so he could prepare a defense. Once more, he is mistaken. Neither *Williams* nor any other reported decision has held discovery must be provided before the probable cause hearing.

7

Third, defendant maintains *Williams* required the formal revocation hearing to commence within 45 days after the arrest, and since it did not, the court was required to dismiss the Petition. He is wrong. The 45-day time limit in *Williams* is based in part on Penal Code section 3044, subdivision (a)(2) (all subsequent statutory references are to this code), which applies only to parole revocation hearings.

There are no such statutory time limits on probation revocation hearings. Instead, they are governed by the non-statutory *Morrissey* rule. The hearing must begin, "as promptly as convenient after arrest while information is fresh and sources are available . . . ." (*Morrisey*, *supra*, 408 U.S. at p. 485 [two-month delay not unreasonable]; see *In re Williams* (1974) 836 Cal.App.3d 649, 653 [two-month and 25-day delay not unreasonable].) The 59-day delay after defendant's arrest here was not unreasonable.

### B. Bail Contentions

Defendant avers the court erred by denying his bail request at the arraignment hearing, because he was entitled to bail as a matter of right pending the formal revocation hearing. We disagree. The court had discretion to set bail, but was not required to do so. (§ 1272, subd. (3).) The court considered defendant's bail request and stated valid reasons for rejecting it. The court did not abuse its discretion to deny bail.

### C. Plea Agreement Contentions

Defendant contends the probation department violated the guilty plea agreement, when it assigned him to the "Adult Sex Offender Unit" (ASOU), because the guilty plea agreement did not require him to register as a sex offender under section 290 and, as a result, section 1203f does not permit his assignment to the ASOU. He contends we should order the probation department to remove him from the ASOU and place him in the general nonspecialized probation caseload. These contentions, like his contentions about the Presence Condition, are not subject to review in this appeal for all of the same reasons discussed above.

8

Defendant insists the court also violated the guilty plea agreement at the arraignment, when it issued over his objection a protective order under section 136.2 in favor of K.T., because (a) there was an inadequate evidentiary showing, (b) no written notice was given as required by section 1203.3, subdivision (b)(2), and (c) the guilty plea agreement did not require the court to issue a protective order in favor of K.T. We are not persuaded.

The protective order was authorized under section 136.2, and it was supported by an adequate showing of good cause. At the original sentencing hearing in December 2013, the court offered to issue a protective order in favor of K.T. and she declined. At the arraignment on the Petition in August, 2014, K.T. asked the court to issue a protective order in her favor, based upon defendant's conduct in the intervening eight months.

The purported lack of written notice under section 1203.3, subdivision (b)(2), is irrelevant. It only requires that written notice be given to the probation officer, not the defendant. Also, he has not explained how he was harmed, if it was not given.

And, in any event, the guilty plea agreement did not prohibit protective orders. In fact, a protective order in favor of E.L. was issued without objection at the time of the guilty plea. Thus, we find no error in issuing the protective order in favor of K.T.

### D. *Probation Officer Misconduct Contentions*

Defendant complains that after he was arrested on the Petition, a probation officer contacted his then girlfriend, told her defendant had promiscuous contact with other young females, and she should "have herself tested." Defendant contends the purpose of this conversation was to disrupt his relationship with his girlfriend. But defendant has not explained what legal rights were violated, and he has not told us what he wants us to do about it even if they were. Because these contentions are not supported by any reasoned argument or citation to authority they have been waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

9

*E. Supplemental Brief Contentions*

We gave defendant permission to file a supplemental opening brief and he did. All of the contentions it raised are either moot or not subject to review in this appeal.

Defendant first contends evidence which showed he did not violate was not introduced at the revocation hearing due to ineffective assistance of counsel. As noted above, this contention is mooted by our disposition of this appeal.

Defendant next contends he was denied a *Morrissey*-compliant probable cause hearing and bail on a second petition for arraignment on probation filed in April 2015, which alleged violations of the four additional probation conditions imposed by the court in October 2014. These contentions are not subject to review in this appeal because they occurred after the notice of appeal was filed.

Defendant also contends two of the four conditions (sexually explicit material and no Internet) imposed in October 2014 are unconstitutional, and were abused when the probation department used them as the basis for the second violation. These contentions are both moot and outside the scope of this appeal.

*5. Habeas Corpus Contentions*

Defendant labeled his supplemental brief, "Appellant's Supplemental Brief; Writ of Habeas Corpus, Mandate, and/or Prohibition." We undoubtedly have discretion to construe any or all of defendant's briefs as a petition for habeas corpus, to the extent they raise issues not subject to review in this appeal. We decline to do so because (a) they concern matters outside the record in this appeal, (b) further evidentiary proceedings will likely be required, (c) defendant has not first applied for habeas relief in the superior court, and (d) defendant has not explained why he has not done so. (*In re Ramirez* (2001) 89 Cal.App.4th 1312; *In re Hillery* (1962) 202 Cal.App.2d 293.) In this respect our decision in this appeal is without prejudice to any subsequent petition for habeas corpus which defendant may file in the superior court.

10

## DISPOSITION

The October 21, 2014 finding defendant violated his probation, and the October 23, 2014 order reinstating his probation with four additional probation conditions, are reversed. The matter is remanded to the trial court with directions to conduct a new probation revocation hearing on the violations alleged in the Petition, as the same may be amended. The hearing shall be conducted by a judge, unless the parties stipulate that it may be heard by a commissioner.

The clerk of the superior court is ordered to correct the erroneous December 13, 2013, minute order nunc pro tunc as follows:

1. Delete the entry that states, "Do not associate with minors or frequent places where minors congregate, including but not limited to: schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools and arcades, unless in the company of a responsible adult over the age of 21 who is approved by the probation officer or court, knows of your offense(s), and is willing to monitor your behavior."

2. Insert an entry that states, "Do not be in the presence of children under the age of 18, unless accompanied by a responsible adult 21 years of age or older and approved in advance by your probation or mandatory supervision officer."

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

11