Filed 7/22/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| ERNEST L. COX, | C080870 |
| Petitioner, | (Super. Ct. Nos. 15 CV 9354 |
| v. | & 15 HC 1760) |
| THE SUPERIOR COURT OF AMADOR COUNTY, | |
| Respondent; | |
| SCOTT KERNAN, as Secretary, etc., et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING in mandate. Petition granted. Steve Hermanson, Judge.

Ernest L. Cox, in propria persona for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Jessica N. Blonien and Yun Hwa Harper, Deputy Attorneys General, for Real Parties in Interest.

Petitioner Ernest L. Cox is incarcerated at Mule Creek State Prison. He filed a civil complaint against real parties in interest, officials and employees of the California Department of Corrections and Rehabilitation (CDCR), seeking monetary damages. Simultaneously, he filed a petition for relief from the government claims filing requirement. Respondent superior court deemed the civil complaint to be a petition for writ of habeas corpus, which the court then denied. Petitioner filed a petition for writ of mandate in this court, asserting respondent superior court erred in deeming the civil complaint to be a habeas corpus petition and that the court must consider his petition for relief from the government claims filing requirement on its merits. Real parties in interest concede respondent superior court erred. We agree, and order the issuance of a peremptory writ of mandate.

BACKGROUND

Petitioner filed a civil complaint against officials and employees of CDCR. The complaint is not a model of clarity, but in general alleges claims of sexual harassment, intentional infliction of emotional distress, and violation of due process. The complaint seeks compensatory and punitive damages; injunctive relief, including directing CDCR to develop training regarding sexual harassment, and dismissing prison discipline imposed on petitioner; and a judicial declaration that a prison regulation regarding unlawful influence is vague and uncertain. Simultaneously, petitioner filed a petition for relief from the government claims filing requirement of Government Code section 945.4,[1] pursuant to Government Code section 946.6, subdivision (a).[2]

---

[1] Government Code section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and

2

On September 17, 2015, respondent superior court struck the civil complaint and ordered it refiled as a habeas corpus petition. On October 26, 2015, respondent superior court denied the habeas corpus petition.

Petitioner filed a petition for writ of mandate in this court, seeking to compel respondent superior court to reverse its orders striking his civil complaint and denying the putative habeas corpus petition. We issued an order to show cause. Having received the return of real parties in interest, we order the issuance of a peremptory writ.

DISCUSSION

Petitioner contends respondent superior court had a ministerial duty to consider his petition for relief on the merits, and erred in deeming the civil complaint to be a habeas corpus petition. Real parties in interest agree. As do we.

At the outset, we note respondent superior court's order striking petitioner's civil complaint was signed by the judge and filed, and had the effect of dismissing the action against the individually named defendants, and thus constitutes an appealable judgment. (Code Civ. Proc., § 581d; *Muller v. Tanner* (1969) 2 Cal.App.3d 438, 440, [signed and filed minute order "striking" a case].) However, the order denying the habeas corpus petition is not appealable. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) Given this procedural quagmire, appeal is not an adequate remedy. We exercise our discretion to resolve this matter by this extraordinary writ proceeding. Further, our issuance of the order to show cause established the inadequacy of the appellate remedy. (Cf. *Robbins v.*

has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

[2] Government Code section 946.6, subdivision (a) provides in pertinent part: "If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates."

3

*Superior Court* (1985) 38 Cal.3d 199, 205 ["this court necessarily determined that appeal was not an adequate remedy when it issued the alternative writ"].)

A court has authority to treat one type of writ petition as another type when it is procedurally appropriate to do so. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340-341.) In this case, respondent superior court identified what are arguably laudable reasons for deeming the civil complaint to be a habeas corpus petition, i.e., the court expressed its view that doing so would not alter the merits of the action or prejudice either party, and would save petitioner from complying with the technical requirements for a civil complaint. But a court may not treat one petition as another type when the effect is to limit the petitioner's legal remedies.

"The label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading. [Citations.]" (*Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, 511.) Accordingly, in *Escamilla*, the court treated a petition for writ of habeas corpus as a petition for writ of mandate seeking recovery of personal property or its value. (*Id.* at pp. 509, 511-512; see also *People v. Picklesimer, supra*, 48 Cal.4th at p. 340 ["Assuming the pleading that has been filed meets or can be amended to meet the prerequisites for a petition for writ of mandate, a court in its discretion may treat a motion or a petition for a different writ as a mislabeled petition for writ of mandate"]; *In re Cregler* (1961) 56 Cal.2d 308, 309 [stipulation to construe petition for writ of prohibition as habeas corpus petition]; *In re Stier* (2007) 152 Cal.App.4th 63, 83 [acknowledging authority of court to treat habeas corpus petition as petition for writ of mandate]; *Fuller v. Superior Court* (2004) 125 Cal.App.4th 623, 625 [deeming habeas corpus petition to be petition for writ of prohibition]; cf. *Villery v. Department of Corrections & Rehabilitation* (2016) 246 Cal.App.4th 407 [trial court erred in sustaining demurrer to inmate's petition for writ of mandate on ground habeas corpus was a more appropriate remedy].)

4

But, "[h]abeas corpus is not an appropriate or available remedy for damages claims," which can instead be pursued by a prisoner by means of a civil action. (*Wolff v. McDonnell* (1974) 418 U.S. 539, 554 [41 L.Ed.2d 935, 949-950].) "From time immemorial our law has recognized differences between criminal proceedings and civil proceedings. [¶] The fact that a man is held to be entitled to release on habeas corpus does not mean that his custodian must answer in damages for the previous detention. [¶] Generally speaking, the right to release from custody is determined by the rules of criminal law while the right to recover damages for false imprisonment depends on the rules of civil law." (*Vallindras v. Massachusetts etc. Ins. Co.* (1954) 42 Cal.2d 149, 151-152; see also *Shoemaker v. Harris* (2013) 214 Cal.App.4th 1210, 1220, fn. 13 ["State law habeas corpus procedures . . . limit remedies that might be available in a civil action brought under 42 United States Code section 1983 (such as attorney fees and punitive damages)"]; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 413 ["[T]he purposes of a habeas proceeding based on ineffective assistance of counsel and legal malpractice action based on the same alleged conduct differ greatly. The former seeks to obtain the petitioner's freedom while the latter seeks money damages"]; *In re Lacy* (1947) 82 Cal.App.2d 794 [habeas corpus is not proper remedy to determine property rights].) In contrast, the purpose of habeas corpus is to challenge unlawful imprisonment or restraint, including vindicating rights to which a prisoner is entitled while in confinement. (Pen. Code, § 1473, subd. (a); *In re Jordan* (1972) 7 Cal.3d 930, 932.)

Further, a California felony prisoner has a statutory right to initiate civil actions while incarcerated. (Pen. Code, § 2601, subd. (d).)[3] "In the case of an indigent prisoner

---

[3] Penal Code section 2601 provides in pertinent part: "Subject only to the provisions of that section, each person described in Section 2600 [state prisoner or county jail prisoner for felony conviction] shall have the following civil rights: [¶] . . . [¶] (d) [t]o initiate civil actions, subject to a three dollar ($3) filing fee to be collected by the

initiating a bona fide civil action, this statutory right carries with it a right of meaningful access to the courts to prosecute the action.  [Citation.]" (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 792.)[4]  To be sure, "[m]eaningful access to the courts by an indigent prisoner 'does not necessarily mandate a particular remedy' to secure access.  (*Payne v. Superior Court*[ (1976)] 17 Cal.3d [908,] 923.)" (*Wantuch v. Davis, supra*, 32 Cal.App.4th at p. 792.)  Accordingly, the trial court has discretion in choosing among remedies to secure the prisoner's access to court, including deferring the action until the prisoner is released, appointing counsel for the prisoner, transferring the prisoner to court, using depositions in lieu of personal appearances, holding trial in prison, conducting certain proceedings by telephone, using written discovery, using electronic media, and using "other innovative, imaginative procedures." (*Id*. at pp. 792-793.)  But deeming a civil complaint to be a habeas corpus proceeding is not an appropriate remedy to ensure a prisoner's access to court when the civil complaint seeks damages which are inappropriate or unavailable in a habeas corpus proceeding.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to (a) vacate its order of September 17, 2015, striking the civil complaint and directing the civil complaint refiled as a habeas corpus petition, entered in Amador County Superior Court case No. 15 CV 9354; (b) vacate its order of October 26, 2015, denying the habeas corpus petition, entered in Amador County Superior Court case No. 15 HC 1760; and (c) consider on its merits the "Notice of Hearing and Petition for Relief from Claim

---

Department of Corrections, in addition to any other filing fee authorized by law, and subject to Title 3a (commencing with Section 391) of the Code of Civil Procedure."

[4]    We express no opinion as to whether petitioner's civil action constitutes a "bona fide" action.  Civil procedures such as demurrer, summary adjudication, and summary judgment are available for real parties in interest to challenge the legitimacy of petitioner's action.

Requirement" filed by petitioner on July 30, 2015, in Amador County Superior Court case No. 15 CV 9354.  Costs are awarded to petitioner.  (Cal. Rules of Court, rule 8.493.)


      NICHOLSON      , Acting P. J.


We concur:


      ROBIE      , J.


      MURRAY      , J.