Filed 11/18/20  P. v. Connor CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDIE BOYD CONNOR, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B301442<br>(Super. Ct. No. BA323311)<br>(Los Angeles County) |

Eddie Boyd Connor, Jr. purports to appeal an order denying his resentencing claims presented to the trial court by a petition for writ of habeas corpus.  We dismiss the attempted appeal as not from an appealable order.  (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; *Briggs v. Brown* (2017) 3 Cal.5th 808, 836; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 [no appeal lies from the denial of a petition for writ of habeas corpus], superseded by statute as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808, 842; *In re Sagin* (2019) 39 Cal.App.5th 570, 578 [petitioner whose habeas petition is denied by the superior court

has no right to appeal that decision; recourse is to file new petition in reviewing court].)

*FACTUAL AND PROCEDURAL HISTORY*

On May 28, 2008, a jury convicted Connor of attempted murder, and found that he committed the crime willfully, deliberately, and with premeditation; he personally used and intentionally fired a firearm that caused great bodily injury; he personally inflicted great bodily injury; and he committed the crime to benefit a criminal street gang. (Pen. Code, §§ 664, 187, subd. (a), 12022.53, subd. (b)-(d), 12022.7, subd. (a), 186.22, subd. (b)(1)C), (b)(4).)[1] Connor admitted suffering a prior serious felony strike conviction which the trial court later struck in the interest of justice. (§§ 667, subds. (b)-(d), 1170.12, subds. (a)-(d), 1385, subd. (a); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)

On August 25, 2008, the trial court sentenced Connor to a prison term of 40 years to life, consisting of a life term for the attempted murder, a 15-year minimum-eligibility-for-parole term pursuant to section 186.22, subdivision (b)(5), and a 25-year term for the personal firearm use finding pursuant to section 12022.53, subdivision (d). The trial court imposed various fines and fees and awarded Connor 512 days of presentence custody credit.

Connor appealed and raised the sole argument that the trial court failed to sua sponte instruct regarding attempted voluntary manslaughter. In an unpublished opinion, we rejected the argument, noting that Connor testified at trial that he did not shoot the victim (a rival gang member) and was not present when the victim was shot by an unknown person. (*People v. Conner*

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

2

(Aug. 13, 2009, B211016).)[2]  Connor then filed a petition for review with our Supreme Court which that court later summarily denied.

On May 17, 2019, Connor, in propria persona, filed a petition for writ of habeas corpus in the trial court by the standard Judicial Council Form HC-001.  He attached three exhibits (marked C, D, and E) to the form.  Connor stated that he was seeking a modification of his sentence pursuant to section 1170, subdivision (d) and referred to the attachments as his grounds for relief.

Exhibit C was a partial copy of our 2009 unpublished opinion.  Exhibit D presented two claims:  Connor's sentence was unlawful pursuant to *People v. Le* (2015) 61 Cal.4th 416 and *People v. Rodriguez* (2009) 47 Cal.4th 501, regarding two firearm enhancements imposed for a single offense; and Senate Bill No. 620 now permits trial courts the discretion to strike a firearm enhancement.  (§ 12022.53, subd. (h).)  Connor attached two documents to Exhibit D:  a copy of the reporter's transcript of his August 25, 2008, sentencing hearing, and a "Legal Status Summary" from the California Department of Corrections and Rehabilitation (CDCR)that reflects Connor's sentence of 40 years to life, but also inexplicably states a minimum term of 47 years.  Exhibit E is a copy of a letter from counsel acknowledging that Connor may be entitled to a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

---

[2] We grant Connor's request to take judicial notice of the unpublished opinion and the docket entries regarding the direct appeal.  (Evid. Code, § 452.)  Connor is also known as Eddie Lamont Conner.

3

Exhibit E also includes, however, a copy of Connor's handwritten inmate request questioning his post-conviction custody credit as well as the 47-years-to-life term reflected on a CDCR document. The supervisor response written on the bottom of the document is partly illegible, but states that seven years must be added to Connor's 40-years-to-life term.

On July 12, 2019, the trial court filed a written ruling regarding Connor's petition. The court denied Connor's requests for resentencing relying upon section 12022.53, subdivision (e)(2), but issued an order to show cause regarding the request for a *Franklin* hearing.

Connor then filed a notice of appeal referencing application of Senate Bill No. 620 and section 12022.53, subdivision (h) to his sentence. His appellate brief, however, solely contests the CDCR's apparent misunderstanding of the length of his minimum term for parole eligibility.

## *DISCUSSION*

Connor acknowledges that he may not appeal the trial court's denial of his petition for habeas corpus, but requests that we exercise our discretion and treat the notice of appeal as a petition for writ of habeas corpus. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423 [reviewing court may treat notice of appeal as a petition for writ of habeas corpus in the interests of judicial economy].) He adds that his petition and the notice of appeal were filed in propria persona, contain a "technical defect," and that the label given to a petition or claim is not determinative. (*Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 859.)

We decline to exercise our discretion to treat Connor's present claim of CDCR error as a petition for writ of habeas

4

corpus because the claim was not sufficiently presented to the trial court. Connor's claim of CDCR error was embedded in an exhibit attached to his petition, which petition asserted sentencing issues regarding the firearm enhancement. The trial court was not sufficiently apprised and given an opportunity to rule upon the claim Connor now asserts. The court was not required to decipher Connor's poorly organized and sometimes illegible exhibit to ferret out additional claims not asserted in the cover pages of the Judicial Council Form HC-0001. A determination otherwise would not be fair to the trial court and a waste of judicial resources. Moreover, a complaint of this nature is best addressed to the court that issued the judgment. (*Robinson v. Lewis, supra*, 9 Cal.5th 883, 895 ["The superior court that rendered the judgment is best equipped to consider the claim in the first instance . . . and to grant relief"].) Connor may bring a petition for writ of habeas corpus in the trial court which may then order the CDCR to correct its records.

Accordingly, the appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

5

Leslie A. Swain, Judge

Superior Court County of Los Angeles

_____

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr. and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.