Filed 12/24/20  P. v. Howard CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>KEISHUN VERNILL HOWARD,<br><br>        Defendant and Appellant. | B303537<br><br>(Los Angeles County<br>Super. Ct. No. A650427) |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 1989, a jury found Defendant Keishun Vernill Howard (Howard) guilty of second degree murder under Penal Code[1] section 187 for the 1988 killing of Cardaos White (White), and found true the allegation under section 12022.5 that Howard personally used a firearm in the commission of the crime. (*People v. Howard* (Aug. 3, 2020, B302852) [nonpub. opn.] (*Howard II*).)[2] The trial court sentenced Howard to a prison term of 15 years to life, plus two years in prison for the section 12022.5 enhancement. (*Howard II*, *supra*, B302852.) On September 25, 1991, our division affirmed the judgment of conviction in an unpublished opinion. (*People v. Howard* (Sept. 25, 1991, B046938) [nonpub. opn.] (*Howard I*).)

On May 23, 2019, Howard filed a petition for resentencing under section 1170.95.[3] (See *Howard II*, *supra*, B302852.) On August 22, 2019, Howard filed a petition for writ of habeas corpus, arguing that Proposition 57 and Senate Bill No. 1391

---

[1] Undesignated statutory citations are to the Penal Code.

[2] We, sua sponte, take judicial notice of the two prior appellate opinions issued in Howard's criminal case, along with his notice of appeal from *Howard II*. (Evid. Code, §§ 452, subd. (d), 459.) We previously took judicial notice of the October 18, 2019 order discussed herein.

[3] "[S]ection 1170.95 . . . established a procedure for vacating murder convictions for defendants who would no longer be guilty of murder under [a] new law" that "abolished the natural and probable consequences doctrine in cases of murder, and limited the application of the felony murder doctrine." (See *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1139, review granted Oct. 14, 2020, S264284.)

entitled him to an order vacating his sentence or reducing it to time served.[4]

On October 18, 2019, the trial court denied Howard's habeas petition. On October 28, 2019, the trial court denied Howard's petition under section 1170.95. On November 21, 2019, Howard appealed the October 28, 2019 order denying his section 1170.95 petition. On December 2, 2019, Howard filed the instant notice of appeal, which seeks review of the October 18, 2019 order denying his habeas petition.

On August 3, 2020, we dismissed Howard's appeal of the October 28, 2019 order denying his section 1170.95 petition on the ground he abandoned that appeal.[5] (See *Howard II*, *supra*, B302852.)

On September 2, 2020, we appointed counsel for Howard for the appeal now before us. On October 6, 2020, Howard's

---

[4] "Under Proposition 57, ' " '[c]ertain categories of minors . . . can . . . be tried in criminal court, but only after a juvenile court judge conducts a transfer hearing to consider various factors such as the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.' " ' [Citation.] [¶] . . . [¶] . . . Senate Bill No. 1391 'eliminates the district attorneys' ability to seek transfer of 14 and 15 year olds from juvenile court to criminal court' (subject to a narrow exception if the minor is ' "not apprehended prior to the end of juvenile court jurisdiction" '). [Citation.]." (*Narith S. v. Superior Court* (2019) 42 Cal.App.5th 1131, 1135, review granted Feb. 19, 2020, S260090.) Howard was 16 years old when he murdered White.

[5] Our opinion in *Howard II* stated that the order appealed therein was issued on October *23*, 2019. (See *Howard II*, *supra*, B302852.) The trial court actually issued that order on October *28*, 2019.

3

appointed counsel filed a brief that identified no issues for us to review. On October 27, 2020, Howard filed a one-page supplemental brief, arguing that he "was charged with murder at the age of 16," and "[m]ost importantly," he is "[an] innocent man, that did not commit the crime that [he] was charged and convicted of." For the reasons discussed below, we lack jurisdiction to reach the merits of Howard's appeal.

"[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) Because Howard was not sentenced to death, the trial court's October 18, 2019 order denying his habeas petition is a nonappealable order. (See *Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 858 ["[An] order denying [a] habeas corpus petition is not appealable."]; 36 Cal.Jur.3d (2015) Habeas Corpus, § 125 ["[N]o appeal lies from the denial of a petition for writ of habeas corpus"]; *People v. Cole*, 52 Cal.App.5th 1023, 1034–1035, fn. 2, review granted Oct. 14, 2020, S264278 [noting that the statutory scheme governing habeas petitions was amended in 2016 to grant defendants " '[under] a judgment of death' a right to appeal the denial of their habeas corpus petitions to the Court of Appeal."].) Accordingly, we lack jurisdiction over Howard's appeal.

Howard's appointed counsel nonetheless claims that the trial court treated his client's "habeas corpus and sentence modification petitions"[6] as "having been filed pursuant to

---

**6** Howard's habeas petition included a form titled "petition for modification of sentence." (Capitalization omitted.) On the form, Howard requested that the trial court vacate or reduce his sentence to time served pursuant to Senate Bill No. 1391.

4

Penal Code section 1170.95, . . . and summarily denied them" in its October *28*, 2019 order.  Counsel is mistaken.  As discussed above, the October 28, 2019 order denied a separate section 1170.95 petition that Howard had filed on May 23, 2019, and we dismissed Howard's appeal of that order in *Howard II*.

In contrast, the trial court's October 18, 2019 order denied Howard's petition for writ of habeas corpus.[7]  Thus, the order before us is not appealable, and the instant matter must be dismissed.

---

[7]  The October 18, 2019 order described Howard's filing as a "petition for habeas corpus filed in the Los Angeles Superior Court on August 14, 2019."  Given that the habeas petition is dated August 14, 2019, it appears the trial court employed the prison-delivery rule to determine the date of filing for that document.  (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110 ["The prison-delivery rule—as most recently articulated by this court—provides that a self-represented prisoner's notice of appeal in a criminal case is deemed timely filed if, within the relevant period set forth in the California Rules of Court, the notice is delivered to prison authorities pursuant to the procedures established for prisoner mail," fn. omitted].)

## DISPOSITION

We dismiss Howard's appeal of the trial court's October 18, 2019 order denying his petition for writ of habeas corpus.  This dismissal is without prejudice to Howard's filing a petition for writ of habeas corpus in this court.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.