Filed 3/25/21  P. v. DeLaCruz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>IGNACIO DELACRUZ,<br><br>　　　　Defendant and Appellant. | E076114<br><br>(Super.Ct.No. OCR11191)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Appeal dismissed.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ignacio Frank DeLaCruz moved to dismiss a prior plea bargain on the basis of Penal Code section 1016.8.  The plea bargain at issue was entered in 1987, and the judgment based on it has long been final.  The trial court correctly determined that it consequently lacked jurisdiction to grant DeLaCruz's motion, so the court denied it.  (See *In re Candelario* (1970) 3 Cal.3d 702, 705 [trial court generally lacks jurisdiction to

1

correct judicial errors in a final judgment].)  DeLaCruz appeals from the order denying his motion.

In his opening brief, DeLaCruz asserts that "[t]his appeal is from an order made after judgment, affecting the substantial rights of the defendant, and is authorized by Penal Code[] section1237, subdivision (b)."  That is incorrect.  Because the trial court lacked jurisdiction to grant DeLaCruz's motion, the denial of the motion did not affect DeLaCruz's substantial rights and therefore is not an appealable postjudgment order under Penal Code section 1237.  (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) And even if we were to construe DeLaCruz's motion as a petition for writ of habeas corpus, the order denying it still would not be appealable.  (*Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 858 [an order denying a petition for writ of habeas corpus is not appealable].)

Because DeLaCruz appeals from a nonappealable order, we must dismiss the appeal.  (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:

RAMIREZ _____
P. J.
McKINSTER _____
J.