Filed 4/26/21  P. v. Roe CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> RUPERT MILA ROE, <br><br>     Defendant and Appellant. | B306386 <br><br> (Los Angeles County <br> Super. Ct. No. BA312218-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Rupert Mila Roe purports to appeal from an order denying his petition for writ of habeas corpus, a nonappealable order. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 858.)  Accordingly, Roe's appeal must be dismissed.

Even were we to deem this matter an appeal from a nonstatutory motion for modification of sentence in the superior court or a new petition for a writ of habeas corpus in this court, Roe's contention his 2007 sentence as a third strike offender should be modified in light of recently enacted Penal Code section 1016.8[1] is devoid of merit.

## FACTUAL AND PROCEDURAL BACKGROUND

Roe was convicted by a jury in 2007 of two counts of kidnapping (§ 207, subd. (a)).  In a bifurcated proceeding the trial court found true the allegations Roe had suffered two prior serious felony convictions within the meaning of the three strikes law (§§ 667, (b)-(j), 1170.12) and sentenced Roe to consecutive indeterminate state prison terms of 25 years to life.  We affirmed the judgment.  (*People v. Roe* (Jan. 13, 2009, B201370) [nonpub. opn.].)

On March 5, 2020 Roe, representing himself, filed a petition for writ of habeas corpus alleging his two prior strike convictions were the product of negotiated plea agreements in the State of Washington in 1992, prior to the 1994 enactment of California's three strikes law.  Citing Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (Assembly Bill 1618), which, effective January 1, 2020, added section 1016.8 to the Penal Code,

---

[1]     Statutory references are to this code.

2

providing, in part, that future beneficial changes in sentencing laws cannot be denied to a person who pleads guilty, Roe argued his prior serious felony convictions could not be used as prior strikes because he had not been warned about potential three strikes law consequences at the time of his pleas.

On May 1, 2020 the superior court denied Roe's petition, ruling section 1016.8 did not apply to Roe. The court explained Roe's conviction in Los Angeles Superior Court followed a jury trial, not a plea agreement, and nothing in the petition indicated Roe had waived any future benefits when entering into plea agreements in the State of Washington.

Roe filed a notice of appeal on June 10, 2020.

## DISCUSSION

Section 1016.8 codified the Supreme Court's decision in *Doe v. Harris* (2013) 57 Cal.4th 64, which held the fact the parties have entered into a plea agreement does not insulate them from future changes in the law intended to have retroactive effect. (See *People v. Stamps* (2020) 9 Cal.5th 685, 704-705.) Section 1016.8 also "clarified that any 'provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy' (§ 1016.8, subd. (b))." (*Stamps*, at p. 705.) A plea bargain requiring such a waiver is deemed not knowing and intelligent. (§ 1016.8, subd. (a)(4).)

As the superior court ruled, section 1016.8 has no effect on Roe's 2007 sentence. The enactment of the three strikes law after his earlier guilty pleas in the State of Washington was not an ameliorative sentencing change that might benefit Roe. And section 1016.8 does not provide a plea is involuntary when a

3

defendant has not been advised of its potential future consequences. That the three strikes law was enacted after his pleas does not preclude its application to him. (See § 1016.8, subd. (a), quoting *Doe v. Harris*, *supra*, 57 Cal.4th at p. 66 ["[t]hat the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"].)

Although Roe attempts to appeal from a nonappealable order, in accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed appellate counsel to represent him. After reviewing the record, appointed counsel filed a brief raising no issues. Appointed counsel advised Roe on October 13, 2020 he could within 30 days submit a brief or letter raising any grounds, contentions or arguments he wanted the court to consider. We provided a similar notice to Roe.

On November 5, 2020 we received a four-page handwritten supplemental brief with several pages of attachments in which Roe argued that his plea agreements in 1992 were involuntary because he was not warned of possible three strikes consequences and section 1016.8 should apply to his case.

No cognizable legal issues have been raised by Roe's appellate counsel or by Roe or identified in our own independent review of the record. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The appeal is dismissed.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.