Filed 5/21/21  In re Peyton CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re RAYMOND E. PEYTON, | F081924 |
| On Habeas Corpus. | (Kern Sup. Ct. No. HC016706A) |
| | **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; writ of mandate.  David R. Zulfa, Judge.

James Bisnow, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Julie A. Malone, and Heather M. Heckler, Deputy Attorneys General, for Respondent.

-ooOoo-

On October 27, 2020, petitioner Raymond E. Peyton filed a writ for habeas corpus in this court.[1]  The petition alleged that petitioner had filed a civil action in Kern County Superior Court asserting claims arising from the California Department of Corrections and Rehabilitation's handling of the COVID-19 pandemic.  The superior court treated the

---

[*] Before Poochigian, Acting P.J., Franson, J. and Meehan, J.

[1] The Attorney General says this court "construed" petitioner's filing as a "petition for writ of habeas corpus and summarily denied relief."  Not so.  The trial court treated the *civil complaint* as a petition for writ of habeas corpus.  But petitioner then actually filed a document entitled "Petition for Writ of Habeas Corpus" in this court.

civil action as a petition for writ of habeas corpus, despite petitioner's request for pecuniary relief.

Petitioner's writ for habeas corpus cited several exhibits, none of which were attached to the petition or otherwise provided to this court with the original filing. Accordingly, we denied the petition on December 30, 2020, observing, "Petitioner fail[ed] to present a prima facie basis for relief."

Petitioner filed a petition for review with the Supreme Court. The petition for review *did* contain the exhibits that were missing from the petition for writ of habeas corpus filed in this court. The exhibits include a civil complaint signed by petitioner that requests punitive damages against the warden of correctional facility in which petitioner is housed. The exhibits further showed the trial court decided to treat petitioner's filing as a petition for writ of habeas corpus "as opposed to a civil complaint as it is labeled."

The Supreme Court granted the petition for review and transferred the matter to this court with directions to vacate the summary denial and to issue an order to show cause "as to whether the trial court properly converted the complaint under 42 United States Code section 1983 into a petition for writ of habeas corpus. (See *Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 860.)" We vacated our summary denial and issued the order to show cause on February 16, 2021.

The Attorney General filed a written return to the order to show cause. In it, the Attorney General asks us to treat the petition for writ of habeas corpus as a petition for writ of mandate, grant the petition, and order the superior court to treat petitioner's civil complaint as a civil complaint. We accept the Attorney General's acknowledgment of error.

A petition for writ of habeas corpus is not the proper means by which to seek monetary damages. (See *Cox v. Superior Court*, *supra*, 1 Cal.App.5th at p. 859.) Such relief "can instead be pursued by a prisoner by means of a civil action. [Citation.]" (*Ibid.*) Consequently, when a prisoner initiates a civil action seeking damages, the courts

cannot require the prisoner to instead proceed by way of a habeas petition. (See generally *Cox*, *supra*, 1 Cal.App.5th 855.) Here, petitioner's complaint did seek damages and should therefore not have been construed as a petition for writ of habeas corpus.

For these reasons, we accept the parties' acknowledgement that the superior court erred in treating petitioner's pleading as a petition for writ of habeas corpus rather than a civil complaint. Accordingly, we will treat petitioner's present petition for writ of habeas corpus as a petition for writ of mandate and direct that the superior court rectify the error.[2]

## DISPOSITION

Let a writ of mandate issue directing the superior court to (1) vacate its order deeming petitioner's civil complaint to be a habeas petition and (2) treat petitioner's filing as a civil complaint. Costs are awarded to the petitioner.

---

[2] Petitioner's "Motion for Adjudication in Favor of Plaintiff" filed November 30, 2020, and "Motion of [*sic*] Judicial Notice" filed December 29, 2020, are denied.