Filed 12/6/21  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092385 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F06813) |
| v. | |
| JAMAUR WILSON, | |
| Defendant and Appellant. | |

A jury found defendant Jamaur Wilson guilty of several offenses, including the first degree murder of Alvin Earl Richardson during the course of a robbery; the trial court sentenced him to life without the possibility of parole on the murder and robbery-murder special circumstance, and his conviction was affirmed on appeal. (*People v. Gordon et al.* (July 27, 2010, C056183) [nonpub. opn.] (*Gordon*).) After serving over a

1

decade in prison, defendant petitioned the trial court under Penal Code section 1170.95[1] for resentencing based on changes to the felony-murder rule and the natural and probable consequences doctrine under recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.). (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)

The trial court denied his petition, finding the record established defendant was ineligible for resentencing given the jury's true finding on the robbery-murder special circumstance under section 190.2. The court reasoned that in finding the special circumstance true, the jury necessarily found defendant was either the actual killer, aided and abetted the actual killer with the intent to kill, or was a major participant who acted with reckless indifference to human life during the crimes. On appeal, defendant argues he was entitled to a hearing on the merits of his petition before the trial court's denial. We affirm.

## BACKGROUND

We take the facts from the unpublished opinion we issued in 2010 affirming defendant's convictions in *Gordon*. (*Gordon, supra*, C056183 [at pp. 2-6].) According to our opinion, defendant and his two codefendants, Justin Wayne Robson and Ira Gordon, were in the parking lot of a liquor store when the murder victim drove up with his girlfriend. The victim and his girlfriend went into the store. As they returned, Gordon entered the car, sat in the rear passenger seat, and asked the victim if he would give them a ride. Robson then got into the rear seat behind the victim. Defendant stood next to the driver's window of the car. The victim declined Gordon's ride request. All three defendants began striking the victim. Robson pistol-whipped the victim multiple times and then got out of the car, joining defendant next to the driver's window. Gordon, who remained in the car, told the victim to give him all his money and everything he had

---

[1] Further undesignated statutory references are to the Penal Code.

in his pockets. The girlfriend ran into the store to call for help. As she returned the victim appeared to be trying to get his wallet out of his pocket. She then observed flashes and heard gunshots with each flash. Robson was outside the car, holding a gun pointed at the ground. Gordon, who remained in the car seated behind the victim, had pulled out a semiautomatic handgun.

The three defendants fled to an apartment complex where they all lived and where they split some marijuana, money, and pills. A revolver and a .380-caliber semiautomatic handgun were recovered from Robson's apartment. The bullets recovered from the victim's body were fired from the semiautomatic handgun. All three gunshot wounds were consistent with the victim sitting in the driver's seat of the vehicle and being shot from the back seat on the right passenger side.

Defendant, Gordon, and Robson were each charged with murder (§ 187, subd. (a)), with an attached robbery-murder special circumstance (§ 190.2, subd. (a)(17)), and with robbery (§ 211). Defendant was also charged with being a felon in possession of a firearm (former § 12021, subd. (a)). For the murder and robbery counts, it was alleged that defendant personally used a firearm (§ 12022.53, subd. (b)).

In June 2006, a jury found defendant guilty of all charges and found the robbery-murder special circumstance and firearm enhancement allegation true. As relevant here, he was sentenced to life without the possibility of parole for the special circumstance murder. After striking a parole revocation fine, this court affirmed defendant's convictions and sentence on direct appeal. (*Gordon, supra*, C056183 [at p. 49].)

In February 2019, defendant filed a pro. per. petition for resentencing under section 1170.95. The petition alleged that he was eligible for relief under the statute because "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; that he was convicted of first or second degree murder following a trial at which he could be convicted for first or second degree murder;

3

and that he "could not [now] be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." Defendant requested the appointment of counsel.

The court appointed the public defender to represent defendant on the petition. Appointed counsel filed a request for notice and an opportunity to be heard on defendant's section 1170.95 petition.

The People filed a response that moved to dismiss the petition. They argued Senate Bill No. 1437 was unconstitutional, and that defendant had failed to make a prima facie showing that he was eligible for relief because he was convicted of a robbery-murder special circumstance.

Defendant filed a reply to the People's motion to dismiss, arguing he had stated a prima facie case for relief based on the record of conviction, and that the robbery-murder special circumstance did not preclude him from relief as a matter of law. Defendant requested that the court judicially notice this court's prior unpublished opinion in *Gordon*, various jury instructions that were given and not given at his trial, and the complaint, verdicts, and abstract of judgment from his case.

Defendant's reply also referenced a habeas corpus petition that he had contemporaneously filed with his section 1170.95 petition, which claimed there was no evidence that he had committed any crime and argued that he was entitled to a sentence reduction under Senate Bill No. 1437 in light of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Defendant subsequently filed a supplemental brief supporting his petition.

Without a hearing, the trial court denied defendant's habeas corpus petition as well as his section 1170.95 petition in a written ruling issued in May 2020. In denying the petition for habeas corpus, the court found, based on the evidence recounted in our unpublished opinion in *Gordon*, that the trial evidence against defendant was sufficient to support a jury finding, beyond a reasonable doubt, that defendant was a major participant

4

who acted with reckless indifference to human life under *Banks* and *Clark*. The court then found that the jury's true finding on the robbery-murder special circumstance precluded him from relief as a matter of law under section 1170.95. Defendant appealed.

## DISCUSSION

Defendant contends the trial court prejudicially erred in summarily denying his section 1170.95 petition. He argues the jury's true finding on the robbery-murder special circumstance, made before *Banks* and *Clark*, does not preclude him from relief as a matter of law under the statute. According to defendant, he made a prima facie showing he was eligible for relief, and the trial court should have issued an order to show cause and held an evidentiary hearing. We disagree.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides, in part: "The court shall review the petition and determine if

5

the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served."

In this case, the jury found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (§ 190.2, subds. (a)(17) & (d).) For the special circumstance finding, the jury was instructed with CALCRIM No. 703 as follows: "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of murder during the commission of the robbery, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life.

"In order to prove this special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor, the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1. The defendant was a major participant in the crime;

"AND

"2. When the defendant participated in the crime he acted with reckless indifference to human life.

"A person acts with reckless indifference to human life when he knowingly engages in a criminal activity that he knows involves a grave risk of death.

"The People do not have to prove that the actual killer acted with intent to kill or with reckless indifference to human life in order for the special circumstances of murder during the commission of a robbery to be true.

6

"If you decide that the defendant is guilty of first degree murder, but you cannot agree whether the defendant was the actual killer, then, in order to find this special circumstance true, you must find either that the defendant acted with intent to kill or you must find that the defendant acted with reckless indifference to human life and was a major participant in the crime.

"If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with either the intent to kill or with reckless indifference to human life and was a major participant in the crime for the special circumstance of murder during the commission of robbery to be true. If the People have not met this burden, you must find this special circumstance has not been proved true for that defendant."

The jury's true finding for the robbery-murder special circumstance tracks the requirements of first degree murder liability for a participant even after Senate Bill No. 1437's modifications because it found that, at a minimum, defendant was a major participant who acted with reckless indifference to human life. (§ 189, subd. (e)(3).)

Since defendant's conviction, the Supreme Court, in *Banks* and *Clark*, refined the analysis for who qualifies as a major participant acting with reckless indifference to human life. (See *Banks, supra*, 61 Cal.4th 788; *Clark, supra*, 63 Cal.4th 522.) In some cases, defendants convicted prior to *Banks* and *Clark* have had their special circumstances findings reversed for insufficient evidence under the modified analysis. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)

Relying primarily on *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835, defendant asserts the narrower definitions of "major participant" and "reckless indifference to human life" ushered in by *Banks* and *Clark* require further litigation to determine whether his special circumstance makes him ineligible for relief. He essentially contends that his robbery-murder special-circumstance finding can and should be reversed through his section 1170.95 petition. We disagree.

7

As the parties note, there is a split of authority on whether a felony-murder special-circumstance finding under section 190.2, subdivision (a)(17) made before *Banks* and *Clark* precludes a defendant from making a prima facie showing of eligibility for relief under section 1170.95. (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same], review granted Oct. 14, 2020, S264284; *People v. Allison* (2020) 55 Cal.App.5th 449, 457-459 [same] with *People v. Torres* (2020) 46 Cal.App.5th 1168 [reversing the denial of a § 1170.95 petition based on the changes made by *Banks* and *Clark*], review granted June 24, 2020, S262011; *People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.) Our Supreme Court has granted review on this issue in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606 (holding a felony-murder special-circumstance finding under § 190.2, subd. (a)(17) made before *Banks* and *Clark* renders a defendant ineligible for relief under § 1170.95.)

Until such time as the Supreme Court decides the issue, we find the reasoning in cases like *Gomez*, *Galvan*, and *Allison* more persuasive. (*People v. Gomez, supra*, 52 Cal.App.5th at p. 17, review granted; see *People v. Galvan, supra*, 52 Cal.App.5th at pp. 1142-1143, review granted; *People v. Allison, supra*, 55 Cal.App.5th at pp. 457-459.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill No. 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after

the enactment of this bill"].) One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill No. 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Sen. Bill No. 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review through a section 1170.95 petition would also unjustifiably shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a § 1170.95 hearing). (See *People v. Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.)

In summary, the jury's robbery-murder special circumstance remains valid even after *Banks* and *Clark* because defendant has not first set aside the finding in a habeas corpus proceeding. Indeed, although he filed a petition for habeas corpus in the trial court based on *Banks* and *Clark*, that petition was denied, and he acknowledges that a trial court's order denying a habeas corpus petition is not appealable. (*Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 858.) The trial court therefore properly relied on the record of conviction (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972), including the jury's true finding on the robbery-murder special circumstance, in determining defendant was ineligible for relief under section 1170.95.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
ROBIE, J.

_____/s/_____
HOCH, J.

10