Filed 8/15/23  P. v. Gonzalez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JORGE GONZALEZ,<br><br>        Defendant and Appellant. | B312344<br>(Los Angeles County<br> Super. Ct. No. YA076269) |

APPEAL from an order of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Reversed and remanded with directions.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

In 2013, a jury convicted defendant Jorge Gonzalez of felony murder and found true a robbery-murder special allegation. We affirmed the judgment. (*People v. Gonzalez* (2016) 246 Cal.App.4th 1358 (*Gonzalez I*).) After the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which narrowed the felony murder rule, Gonzalez filed successive petitions for resentencing under Penal Code[1] section 1170.95 (now 1172.6),[2] alleging he was not guilty of murder in light of SB 1437. The trial court denied both petitions. In 2020, Gonzalez filed a form petition for writ of habeas corpus on the same ground as his prior petitions for resentencing. The trial court denied the petition. Gonzalez appealed from this order.

As explained below, we construe the appeal as one from an order denying a petition for resentencing under section 1172.6. We accept the Attorney General's concession that Gonzalez demonstrated a prima facie case for relief. Therefore, we reverse and remand for further proceedings in the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury convicted Gonzalez of felony murder and found true a robbery-murder special circumstance allegation. (§§ 187, subd. (a), 190.2, subd. (a)(17).) The jury found several firearm allegations to be not true, including that Gonzalez personally and intentionally discharged a firearm causing death. (§ 12022.53, subd. (d).) The jury also acquitted Gonzalez of

---

[1]  All statutory references are to the Penal Code, unless otherwise stated.

[2]  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For ease of reference, we will refer to the section by its new numbering only.

shooting at an occupied motor vehicle. (§ 246.) The trial court sentenced Gonzalez to life without the possibility of parole.

In 2016, this court affirmed his conviction.[3] (*Gonzalez I, supra,* 246 Cal.App.5th at pp. 1382–1386.) Our Supreme Court granted review on issues not relevant to this appeal and affirmed the judgment. (*People v. Gonzalez* (2018) 5 Cal.5th 186 (*Gonzalez II*).)

On May 6, 2019, Gonzalez filed a petition for resentencing under section 1172.6, which was enacted by SB 1437. The trial court summarily denied the petition, reasoning that Gonzalez was ineligible for relief as a matter of law based on the jury's robbery-murder special circumstance finding. The court noted that the jury was instructed with CALCRIM No. 703, "which specifically advised the jury that they could not find the special circumstance true if the [defendant] was not the actual killer, unless the People proved either (1) the [defendant] intended to kill; or (2) that the [defendant]'s participation in the crime began before or during the killing, the [defendant] was a major participant in the crime, and when the [defendant] participated in the crime, he or she acted with reckless indifference to human life." On October 24, 2019, Gonzalez filed a second petition for resentencing. The court denied it for the same reason previously stated.

On November 10, 2020, Gonzalez filed a Judicial Council "petition for writ of habeas corpus" form MC-275, contending that he is entitled to relief under section 1172.6. Gonzalez argued that the trial court erred in denying his prior petitions for resentencing in light of *People v. Torres* (2020) 46 Cal.App.5th 1168 (*Torres*), which held in part that a jury's special

---

[3] We held, in part, that the special circumstance finding was supported by substantial evidence as to Gonzalez's codefendants Erica Estrada and Alfonso Garcia. (*Gonzalez I, supra,* 246 Cal.App.4th at pp. 1385–1386.) Gonzalez did not challenge the special circumstance finding on direct appeal.

3

circumstance finding did not per se render defendant ineligible for relief. Defendant requested that the court appoint counsel and order briefing.

On January 6, 2021, the court requested the People file an informal response. On January 21, 2021, the People filed an informal response regarding "the court's authority to summarily deny a Penal Code section 117[2.6] petition" based on the special circumstance finding. The People argued that such a finding does not preclude eligibility for relief under section 1172.6, and that a summary denial would be error. The People cited *Torres* and other cases that held the same. The People also noted cases that have held to the contrary. In reply, Gonzalez argued that he had made a prima facie showing he falls within the provisions of section 1172.6.

On February 16, 2021, the trial court did not appoint counsel for Gonzalez. It denied the petition based on the CALCRIM No. 703 instruction, the jury's special circumstance finding, and the holdings in *Gonzalez I* and *II*. Specifically, the court noted the jury's special circumstance finding "would allow [defendant] to be convicted of first degree murder notwithstanding Senate Bill No. 1437's changes to sections 188 and 189." "Because the jury's special circumstance finding shows as a matter of law that [Gonzalez] could still be convicted of felony murder under section 189 as amended, [Gonzalez] cannot make a prima facie showing of eligibility for resentencing."

On April 21, 2021, Gonzalez filed a notice of appeal from the "Denial of [a] Petition for Recall and Resentencing P.C. 117[2.6]."

## DISCUSSION

As a preliminary matter, Gonzalez contends that the denial of his habeas petition is an appealable order as the trial court treated it as a successive petition for relief under section 1172.6. As to the merits, Gonzalez

4

contends the court erred in finding him ineligible for relief as a matter of law based on the jury's special circumstance finding, citing *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). In response, the Attorney General argues the denial of a habeas petition is not an appealable order. However, the Attorney General concedes that assuming the order is appealable, Gonzalez made a prima facie case for relief.

## I.     *Appealability*

The Attorney General insists that we must dismiss this appeal because the denial of a habeas petition is not an appealable order. We decline to do so.

In a noncapital case, a habeas petitioner cannot appeal from an order denying relief but must file a new petition in a higher court. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) On the other hand, an order granting or denying relief pursuant to section 1172.6 is appealable as an order after judgment affecting a party's substantial rights. (§ 1237, subd. (b); see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600–601.) "'The label given a petition . . . is not determinative; rather, the true nature of a petition . . . is based on the facts alleged and remedy sought in that pleading.'" (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340; *Cox v. Superior Court* (2016) 1 Cal.App.5th 855, 858–859.)[4]

---

[4]     Prior to oral argument, defendant submitted a letter pursuant to California Rules of Court, rule 8.254 citing new authority, *People v. Hodges* (2023) 92 Cal.App.5th 186. We have considered the decision, which looked to the substance, not form, of the "motion" filed by the defendant in determining appealability. (*Id.* at p. 190.) As stated above, we reach the same conclusion on the issue.

Here, defendant filed a form petition for writ of habeas corpus but made clear he was seeking resentencing relief pursuant to section 1172.6. The People treated defendant's petition as such. The trial court also analyzed the petition pursuant to section 1172.6, despite continuing to caption the matter as a petition for a writ of habeas corpus. In his notice of appeal, defendant stated he was appealing from the "Denial of [a] Petition for Recall and Resentencing P.C. 117[2.6]." Therefore, regardless of how defendant's petition was titled, the court's denial of his request for resentencing pursuant to section 1172.6 is reviewable by us on the merits.

II.     *Petition for Resentencing*

A defendant "convicted of felony murder" may file a petition to have the murder conviction vacated and "be resentenced on any remaining counts." (§ 1172.6, subd. (a).) A defendant makes a prima facie case for relief under this section if, among other requirements, the defendant "could not presently be convicted of murder" under the amendments to sections 188 or 189 that became effective on January 1, 2019. (§ 1172.6, subd. (a)(3).) These statutes, as amended, still authorize a murder conviction under the felony murder doctrine if the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) Thus, if these facts can be established as a matter of law based on the record of the defendant's conviction, the court may determine that the defendant has failed to make a prima facie case for relief and deny the defendant's petition without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

In *Strong, supra*, 13 Cal.5th 698, as in the instant case, the jury found true the special circumstance that he was a "'major participant'" who acted with "'reckless indifference to human life.'" (*Id*. at p. 703.) There, as here,

6

the jury's finding was made prior to the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), "which for the first time provided substantial guidance on the meaning of the two relevant statutory phrases." (*Strong, supra*, 13 Cal.5th at p. 703.)

In *Strong*, the trial court had summarily denied the defendant's petition under section 1172.6 on the ground that the jury's pre-*Banks* and pre-*Clark* finding was binding. The Supreme Court reversed, and explained that *Banks* and *Clark* "substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong, supra*, 13 Cal.5th at pp. 706–707.) As a result, facts that would support a jury finding that a defendant was a major participant or had acted with reckless disregard for life prior to *Banks* and *Clark* would not necessarily be sufficient to support the same finding after *Banks* and *Clark*. (*Ibid.*) Thus, after *Strong*, a jury's finding that a defendant was a major participant in a felony and acted with reckless indifference to human life made before *Banks* and *Clark* does not support a summary denial of a section 1172.6 petition.

In light of *Strong,* we accept the Attorney General's concession that Gonzalez has made a prima facie case for relief and that the matter should be remanded for further proceedings.[5]

---

[5] Because we are remanding the matter back to the trial court, we need not address Gonzalez's argument that the court erred in failing to appoint him counsel.

7

**DISPOSITION**

The order is reversed, and the matter is remanded to the trial court with directions to appoint counsel, issue an order to show cause, and conduct an evidentiary hearing in accordance with section 1172.6, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

COLLINS, J.

8