Filed 1/13/26  P. v. Mitchell CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B340950 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA049816) |
| v. | |
| CORREY MITCHELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Dismissed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Correy Mitchell appeals after the trial court did not respond to a letter from a correctional case records manager at the California Department of Corrections and Rehabilitation (CDCR) advising the court that the amended abstract of judgment for Mitchell's sentence may be in error or incomplete. We appointed counsel to represent Mitchell on appeal. After reviewing the record on appeal, counsel for Mitchell filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After independently reviewing the record and the contentions in the two supplemental briefs filed by Mitchell, we have not identified any either. We now dismiss the appeal for lack of jurisdiction. If Mitchell wishes to file a petition for writ of habeas corpus challenging the increase of his sentence upon his August 17, 2004 resentencing as violating Penal Code former section 1170, subdivision (d)'s prohibition on resentencing a defendant to a sentence that is "greater than the initial sentence," he should file that petition in superior court and make that specific argument.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Robbery*[1]

On August 21, 2003, Mitchell entered a restaurant in Beverly Hills, pointed a gun at the manager, and declared he was robbing the restaurant. Mitchell herded the manager and five other employees into the restaurant's office at gunpoint. The manager triggered the silent alarm as he entered the office.

---

[1]    The factual background of this case is taken from the published opinion on Mitchell's direct appeal. (See *People v. Mitchell* (2005) 131 Cal.App.4th 1210.)

2

Once everyone was in the office, Mitchell blocked the room's only entrance with his body while holding his gun. Mitchell ordered the manager to open the safe and to empty its contents into a takeout bag bearing the restaurant's name. When the manager did not move quickly enough, Mitchell struck him on the back of the head with his gun.

After the manager placed the cash from the safe into the takeout bag, Mitchell told the employees, "Please don't follow me or I'll kill you. Stay in the office." Mitchell then left the restaurant with the takeout bag containing approximately $1,400 from the safe.

### B.  *The Carjacking*

A few minutes later, Benjamin Fish was in his red Honda Civic when Mitchell, wearing a baby-blue plaid button-down shirt, approached and motioned to Fish to roll down the window. Fish complied, and Mitchell then pointed a gun at his head and ordered him to get out of the car. When Fish struggled to do so, Mitchell threatened to kill him. Once Fish exited the car, Mitchell got in and drove away.

### C.  *The Police Pursuit*

A few minutes later, a police officer spotted Fish's car and notified police dispatch he had found the stolen vehicle. A police pursuit ensued, during which Mitchell drove on the wrong side of the street, ran red lights and stop signs, and drove through a fence. While driving, Mitchell also fired his gun toward an officer's vehicle. The police eventually apprehended Mitchell and took him into custody.

Inside the car, the police found a nine-millimeter semiautomatic handgun, a loaded magazine for the gun, and an expended shell casing. Nearby the police found a takeout bag (bearing the restaurant's name) that contained cash totaling $1,442 and a bundled up plaid shirt.

D. *Mitchell Is Sentenced to 191 Years to Life*

Mitchell was charged by information with one count of carjacking (Pen. Code,[2] § 215, subd. (a); count 1); one count of robbery (§ 211; count 2); five counts of assault with a semiautomatic weapon (§ 245, subd. (b); counts 3, 5, 7, 9 & 11); five counts of false imprisonment by violence (§ 236; counts 4, 6, 8, 10 & 12); one count of assault upon a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2); count 13); and one count of driving in willful or wanton disregard for safety of persons or property while fleeing from pursuing police officer (Veh. Code, § 2800.2, subd. (a); count 14). It was alleged as to all counts that Mitchell had previously been convicted of two serious or violent felonies (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1), as to counts 1, 2, 3, 5, 7, 9, 11, and 13.

On March 24, 2004, the jury found Mitchell guilty on all counts and found true the allegations that he had used a firearm in the commission of the offenses. In a bifurcated proceeding, the court found true the allegations that Mitchell had two prior strike convictions within the meaning of the "Three Strikes" law.

---

[2]    Unless otherwise stated, all statutory references are to the Penal Code.

4

On June 21, 2004, Mitchell was sentenced as a third strike offender to a total of 191 years to life in state prison.

    E.    *Mitchell Is Resentenced to 207 Years to Life*

While Mitchell's appeal from his conviction and sentence was pending, on August 17, 2004, the trial court recalled his sentence pursuant to former section 1170, subdivision (d).[3] Former section 1170, subdivision (d), provided that "[w]hen a defendant . . . has been sentenced to be imprisoned in the state prison . . . , the court may, within 120 days of the date of commitment on its own motion . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, *provided the new sentence, if any, is no greater than the initial sentence.*"  (Italics added.)

According to the trial court, new case law "changed the calculus on a couple of counts wherein [Mitchell was] previously sentenced.  [¶]  I was unclear that that was the course that was going to be taken in the analysis by the Courts of Appeal in interpreting the Supreme Court's dicta, but it's now readily apparent to me that the sentencing that I imposed on three of the counts have to be modified.  All the original sentences will remain the same except for three of the counts:  counts 13, counts 1 and count 3.  All will be sentenced pursuant to [section] 1170.12[, subdivision] (c)(2)(A)(III).  [¶] . . . [¶]  In accordance

---

[3]    "[A] trial court is not divested of its limited jurisdiction under [former] section 1170, subdivision (d) to recall a sentence for modification within 120 days of the defendant's commitment by the filing of an appeal notice."  (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836.)

with those, the court sentences the defendant as follows: On count 13, pursuant to [section 1170.12, subdivision (c)(2)(A)(III)], the [upper] term of nine years plus 20 years for the [section 12022.53, subdivision (c) enhancement], plus the ten years pursuant to [the section 667, subdivision (a)] allegations equal 39 years as the base term. Plus the enhancement pursuant to [section 12022.53, subdivision (c),] which is an additional 20 years, plus the two priors pursuant to [section 667, subdivision (a),] at ten years for a total of 69 years on count 13 instead of the previously imposed . . . sentence of 57 years. [¶] On count 1, pursuant to the same code sections . . . the sentence is nine years as the [upper] term, plus ten years pursuant to [section 12022.53, subdivision (b)], plus the ten years for the two [section 667, subdivision (a)] five-year prior enhancements for a total of 29 years. . . . [P]lus the [section 12022.53, subdivision (b)] enhancement for a total of 39 years . . . instead of the 37 years . . . . [¶] On count 3 . . . [s]ame sentencing, nine years, plus ten for the [section 12022.5, subdivision (a)(1) enhancement] plus the [section 667, subdivision (a)] priors for another ten for a total of 29 years . . . plus the [section 12022.5, subdivision (a)(1)] allegation for 39 years . . . instead of the 37 years." The sentences on the remaining counts were not changed (except the court clarified that the sentences on counts 4, 7, 9, and 11 were not stayed, as the minute order from the original sentencing stated, but instead were to run concurrently).

As a result of the resentencing, Mitchell's sentence *increased* 16 years from 191 years to life to 207 years to life.

F.     *We Affirm on Appeal*

On direct appeal from the judgment, we affirmed.  (See *People v. Mitchell* (2005) 131 Cal.App.4th 1210.)  We rejected Mitchell's contention that admission at trial of a police dispatch tape violated his right to confrontation under *Crawford v. Washington* (2004) 541 U.S. 36, as well as his claim that the trial court's imposition of upper terms and consecutive sentences deprived him of the right to a jury trial as mandated by *Blakely v. Washington* (2004) 542 U.S. 296.  (*Mitchell*, at p. 1214.)  We noted that "[t]he court sentenced [Mitchell] to 191 years in state prison as a 'third strike' offender," and it does not appear that this court or defense counsel on appeal were aware of the August 17, 2004 recall and resentencing pursuant to former section 1170, subdivision (d), that increased Mitchell's prison sentence from 191 to 207 years to life.

G.     *Letter from the CDCR and the Trial Court's Denial of Mitchell's Petition for Writ of Habeas Corpus*

On December 18, 2023, a correctional case records manager for the CDCR sent a letter to the trial court indicating the amended abstract of judgment "may be in error, or incomplete."  The letter explained, "The amended Abstract of Judgment reflects in Section 6 a total of 207 years to life, with the possibility of parole on Counts 13, 1, 2, 3 and 14.  However, section 11 (other orders) breaks down the full 207 years but [it is] unclear if the enhancements are included in the totals.  Section 6 should reflect the individual term for each count without any applicable enhancements.  [¶]  Also, the amended Abstract of Judgment reflects in Section 2 Enhancements.  We are unclear if

7

these counts are part of a Determinate or Indeterminate sentence."

On May 13, 2024, Mitchell requested the trial court set a hearing on the CDCR letter and requested the appointment of counsel. Upon receiving no response, Mitchell filed a petition for writ of habeas corpus on August 26, 2024, contending irregularities with the amended abstract of judgment prevented him from obtaining relief based on the erroneous resentencing on August 17, 2004. In part, he complained the amended abstract bore an incorrect hearing date of June 21, 2004 (the date of the original sentencing), instead of the correct date of August 17, 2004. He also complained that in resentencing him the court failed "to include in the minute order that the judge used Penal Code [former section 1170, subdivision (d),] to recall [Mitchell's] sentence." Mitchell also claimed the trial court created a false document "by altering the date of the resentencing" and then not serving the amended abstract of judgment on the Court of Appeal, which was unaware of the resentencing when it issued its opinion.

On September 4, 2024, the trial court denied Mitchell's petition for writ of habeas corpus. The court explained that this issue could have been raised on direct appeal and that Mitchell "is barred from raising an issue in a subsequent petition for habeas corpus that could have been raised in an earlier petition."

Mitchell appealed on September 6, 2024, "from the failure of the Superior Court . . . to act on the request for recall of sentence submitted on December 18, 2023," by the CDCR.[4]

---

[4] Mitchell's notice of appeal does not purport to appeal from the order denying his habeas petition, which is not appealable. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; accord, *People v.*

## DISCUSSION

We appointed counsel to represent Mitchell in this appeal. After reviewing the record, counsel did not identify any arguable issues. On September 19, 2025, counsel advised Mitchell that he was filing a brief stating he was unable to find any arguable issues and that Mitchell could personally submit a supplemental brief or letter brief stating any contentions he wanted the court to consider. Thereafter, we directed appointed counsel to "send the record of this appeal and a copy of [the *Delgadillo*] brief to [Mitchell] immediately."

### A. *Mitchell's First Supplemental Brief*

On October 3, 2025, Mitchell filed an 18-page supplemental brief and attached a 2022 minute order from the Monterey County Superior Court denying his petition for writ of habeas corpus (filed while he was incarcerated in Monterey County) wherein he claimed that the Salinas Valley State Prison "improperly added 44 years to his sentence" and that his "proper sentence should be 207 years to life, but staff changed his sentence to 251 years to life."[5]

In his supplemental brief, Mitchell contends the CDCR letter "brought to light . . . the culmination of a 20-year systematic cover-up involving document fraud, concealment of constitutional violations, and denial of adequate appellate review across multiple proceedings." Specifically, Mitchell contends that

_____

*Gallardo* (2000) 77 Cal.App.4th 971, 979.)

[5]      The Monterey County Superior Court noted that the petition for habeas corpus was moot because "[Mitchell] received the relief he requested when staff corrected his sentence."

9

when he was originally sentenced on June 21, 2004, he was given a 191-year sentence and that the court illegally increased his sentence to 207 years when it recalled his original sentence and resentenced him on August 17, 2004.  Mitchell contends the increased sentence was systemically concealed by the trial court from the appellate court and that he is now serving both sentences in violation of his constitutional protection from double jeopardy.  According to Mitchell, both his original recalled sentence and subsequent resentencing are void as a matter of law and the trial court abused its discretion in failing to correct the illegal sentence upon receiving the letter from the CDCR.

     B.    *Mitchells's Second Supplemental Brief*

On October 9, 2025, Mitchell filed a nine-page "follow-up supplemental brief" in order "to address critical threshold issues." Specifically, Mitchell argues that because his 207-year sentence has never been reviewed by this court, this court should consider this post-judgment appeal as a direct appeal under *People v. Wende* (1979) 25 Cal.3d 436.  As Mitchell argues, "[t]he 191-year sentence was recalled under . . . section 1170[, subdivision] (d) on August 17, 2004, making it legally void.  Yet the Court of Appeal's 2005 opinion affirmed that recalled, void 191-year sentence. . . .  By the time the Court of Appeal issued its opinion, the 191-year sentence no longer legally existed—it had been recalled and replaced five months before appellant even filed his notice of appeal."  Mitchell also claims he received multiple duplicative enhancements under section 12022.53.

10

C. *We Must Dismiss the Appeal Because There Is No Appealable Order*

The sole issue raised in the notice of appeal filed by Mitchell is the trial court's alleged "failure . . . to act on the request for recall of sentence [pursuant to section 1172.1] submitted on December 18, 2023" by the CDCR.  However, if a trial court, acting consistently with section 1172.1, never issues an order on a request for resentencing under that statute, there is no appealable order.  (See *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)  As we will discuss, the trial court was not obligated to respond to the CDCR letter or to Mitchell's follow-up request for a hearing to address the letter, because neither of those requests conferred jurisdiction on the court to recall Mitchell's sentence.  (§ 1172.1, subd. (c).)  Accordingly, there is no appealable order, and Mitchell's appeal must be dismissed.

A court may modify a sentence only if the court "has jurisdiction under section 1172.1 or another authorizing statute, or by the filing of a petition for a writ of habeas corpus."  (*People v. Singleton* (2025) 113 Cal.App.5th 783, 787 (*Singleton*).)  As pertinent here, section 1172.1, subdivision (a)(1), provides: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the [CDCR], the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, [or] *at any time upon the recommendation of the secretary* [of the CDCR] or the Board of Parole Hearings[,][or] the district attorney of the county in which the defendant was sentenced, . . . recall the sentence and

11

commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, . . . provided the new sentence, if any, is no greater than the initial sentence."

As we recently explained in *Singleton*, a letter from a CDCR case records manager informing the court that the abstract of judgment for a defendant " ' "may be in error" ' " is not a "recommendation of the secretary" of the CDCR that the court recall the sentence. (*Singleton*, *supra*, 113 Cal.App.5th at pp. 788, 791-792 ["A correctional case records manager is not the secretary," and an invitation to determine whether a correction is required is not a recommendation for recall and resentencing].) Under section 1172.1, subdivision (a), such a letter from a CDCR case records manager does not confer jurisdiction to recall the sentence, even if a sentence was unauthorized. (*Singleton*, at pp. 787, 790, 792-793.)

Accordingly, the trial court did not have jurisdiction to correct the judgment based on the letter from the case records manager of the CDCR advising the court the abstract of judgment "may be in error or incomplete." And because the trial court lacked jurisdiction to act on the letter from the CDCR case records manager, it was not required to take any action in response to the letter.

Nor did Mitchell's request that the court set a hearing on the CDCR's letter confer jurisdiction on the court. Effective January 1, 2024, the Legislature "added subdivision (c) to section 1172.1, which provides that '[a] defendant is not entitled to file a petition seeking relief from the court under this section.' (See Stats. 2023, ch. 131, § 157.)" (*Singleton*, *supra*, 113 Cal.App.5th at p. 790, fn. 9.) Section 1172.1, subdivision (c), further provides

12

that "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." Mitchell's request for relief under section 1172.1 thus did not trigger jurisdiction or any obligation on the court's part to respond. (See *People v. Faustinos*, *supra*, 109 Cal.App.5th at p. 697; *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 ["a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. . . . If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one"].)

A trial court's refusal to consider an unauthorized request for recall and resentencing is not an appealable order. (See *People v. Hodge, supra*, 107 Cal.App.5th at p. 998 ["The lack of any statutory constraints on a trial court's decision to decline action on a defendant's request for resentencing under section 1172.1 also means that there would be nothing for this court to review on appeal."]; *People v. Magana* (2021) 63 Cal.App.5th 1120, 1128 [where "the trial court had no jurisdiction to grant defendant's motion for a resentencing hearing . . . the order denying that motion did not affect defendant's substantial rights and was not an appealable order"].) Because there was no appealable order by the trial court, we lack jurisdiction and must dismiss the appeal. (See *Singleton, supra*, 113 Cal.App.5th at pp. 797-798; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction[,] the appeal must be dismissed."].) We also must decline Mitchell's invitation to treat this postjudgment appeal as a direct appeal under *People v. Wende, supra*, as the only issue raised in the notice of appeal, as framed by Mitchell, is the trial court's "failure . . . to act on the request for recall of sentence." (See *Faunce v. Cate* (2013)

13

222 Cal.App.4th 166, 170 ["We have no jurisdiction over an order not mentioned in the notice of appeal."].)

However, " '[a] "defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus." ' " (*Singleton*, *supra*, 113 Cal.App.5th at p. 799; see *In re Harris* (1993) 5 Cal.4th 813, 839, disapproved on another ground by *Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 855, fn. 5.) Although Mitchell has filed multiple habeas petitions (see, e.g., B298598, B323789, and B345611), none of these petitions has *directly* dealt with the increase in sentence from 191 years to 207 years to life. Other petitions were denied because Mitchell failed to file his petition in the superior court. (See *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 806, fn. 3 [Court of Appeal "has discretion to deny a petition that was not filed first in a proper lower court"]; *In re Ramirez* (2001) 89 Cal.App.4th 1312, 1320.) If Mitchell wishes to pursue a habeas petition challenging the increase of his sentence from 191 to 207 years to life as violating former section 1170, subdivision (d)'s prohibition on resentencing defendants to a sentence that is "greater than the initial sentence," he should file that petition in superior court and make that specific argument.

## DISPOSITION

The appeal is dismissed.

STONE, J.

We concur:

MARTINEZ, P. J.                    FEUER, J.

14